UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6355-CR-HURLEY



UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. :

JOSE ZAMORA, :

    Defendant. :
_____/

## AGREED OBJECTION TO PRESENTENCE INVESTIGATION REPORT

The defendant, through counsel, objects to the conclusion in the Presentence Investigation (PSI) Report which finds that no role adjustment is warranted. The government agrees with the defendant's objection.

Pursuant to U.S.S.G. § 3B1.2, a defendant's offense level should be decreased based on her role in the offense. The Guidelines specifically direct courts to make an individual determination in each case. The Court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. Section 3B1.2 provides:

    (a)    If the defendant was a minimal participant in any criminal activity, decrease by four levels.

    (b)    If the defendant was a minor participant in any criminal activity, decrease by two levels.

In cases falling between (a) and (b), decrease by three levels.

The commentary to § 3B1.2 provides:



1. Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

2. It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.

3. For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.

The offense conduct is delineated in paragraphs 5-13 of the PSI. Unfortunately, the PSI does not include all of the offense conduct and the defendant objects to the incomplete recitation and provides the following supplement.

Mr. Zamora has a twin brother Mario. More than a month prior to Jose's arrest, Mario was approached by a cousin, Raphael who offered a proposition; bring a suitcase with counterfeit money to the United States and receive $5,000 as payment. Raphael's girlfriend Carolina (Coco) had the connection to the counterfeit money. Mario agreed to the transaction and received the suitcase through Coco. Mario then flew to Miami with the counterfeit $100,000. Jose was completely unaware of any of the above. He found out only after Mario appeared at his apartment in Coral Springs with the suitcase of currency. It was at this time that Mario told Jose about the transaction and the expected $5,000 payment. Two days later Mario delivered the suitcase containing the currency to an unknown man who came to Jose's apartment.

Thereafter, attempts to collect the $5,000 delivery fee were unsuccessful. Mario called

Raphael and asked him to ensure payment. After no payment occurred, Jose posing as his twin brother Mario, made follow up calls to Coco in an attempt to facilitate the collection of the $5,000. Coco then told them that she would demand that the currency be returned and kept until the $5,000 was produced. In fact, the suitcase was returned to Mario. Time passed and still Coco was unable to have the payment made. One week prior to Jose's arrest, Mario flew back to Colombia to attempt to facilitate the receipt of the money. Jose remained at his residence. While Mario was in Colombia, calls were made to Jose's residence by an unknown individual regarding picking up the suitcase and making the $5,000 payment. Jose received the calls and posed again as Mario. Arrangements were made for the exchange and on November 29, 2000 Jose delivered the suitcase and was arrested. The foregoing is supported by Jose's post-arrest statement to Secret Service Agent Gregory Narranjo. In this regard it should be noted that a defendant's testimony standing alone can support the burden of proof necessary for this objection. United States v. Gallego, 174 F.3d 1196 (11th Cir. 1999).

    The known facts in the instant case clearly demonstrate that Jose Zamora possesses a minor role in the instant offense. Jose was not the source of the currency or the importer thereof. Neither did he facilitate the creation of or the importation of the currency. He had no knowledge of the importation of the currency nor did he aid, assist or abet the importation. Furthermore, once the currency was imported he did not initially possess or deliver the currency to the intended subject. Only after learning of the importation, did Jose pose as his twin brother, possess the currency and deliver it. This was done merely to aid in the procuring of the promised $5,000 transportation fee.

    Indeed Jose Zamora is plainly the least culpable of those involved in this offense. His lack of knowledge, planning and limited participation is indicative of his minor role. U.S.S.G. § 3B1.2.

    The PSI concludes that there should be no adjustment for role in the offense. (PSI paragraph

20.) This conclusion is fully contradicted by the known evidence in the case. Mr. Zamora's role is plainly minor as compared to the other participants, Mario Zamora, Raphael, Coco and the source of the counterfeit currency. Accordingly, the denial of a role reduction for Mr. Zamora is in error.

WHEREFORE, Jose Zamora files this objection and requests that this Court grant him a reduction based on minor role.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
1 E. Broward Boulevard
Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this _____ day of April, 2001 to Larry Bardfeld, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Francis Weisberg, United States Probation Office, 299 E. Broward Blvd, Room 409, Fort Lauderdale, Florida 33301.

_____
Timothy M. Day